# IN THE COURT OF APPEALS OF IOWA

No. 17-0896
Filed February 21, 2018

**LARRY LINCOLN, JOHN LINCOLN, LINCOLN BROTHERS FARMS,**
Plaintiffs-Appellants,

**vs.**

**GERALD LINCOLN and MAXINE LINCOLN,**
Defendants-Appellees.

_____

Appeal from the Iowa District Court for Delaware County, Monica L. Ackley, Judge.

Two brothers appeal from a settlement enforcement order dividing a farm partnership with a third brother. **REVERSED AND REMANDED.**

Erik W. Fern of Putnam, Fern & Thompson Law Office, P.L.L.C., Decorah, for appellant.

Michael J. Lanigan of Law Office of Michael Lanigan, Waterloo, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

John Lincoln and Larry Lincoln ("John and Larry"), appeal from a district court order for enforcement of settlement as to the division of a 160 acre parcel of land. John and Larry, along with their brother Gerald Lincoln and his wife Maxine Lincoln ("Gerald and Maxine"), operated Lincoln Farms Partnership; this action involves the division of that partnership. John and Larry appeal the district court's settlement enforcement order, claiming the court improperly awarded Gerald and Maxine one hundred acres of a 160-acre parcel of land.

## I.      Background Facts and Proceedings.

This dispute arose from the division of a farm partnership following a civil lawsuit between the parties.[1]  Here, the parties dispute division of 160 acres of the total farm. The parties mediated the issues and reached a settlement agreement in April 2016. As to the division of the land, the hand-written Memorandum of Settlement states, "All land shall be partitioned as attached hereto." Attached to the Memorandum of Settlement was an aerial photo of land with certain parcels divided and the words, "Land [within] green lines to go to [Gerald] . . . final boundaries to be determined by agreement and survey." John and Larry had a surveyor parcel out ninety acres of the 160 acre parcel; Gerald and Maxine refused to accept those particular ninety acres within the larger parcel, claiming that

---

[1] JOHN LINCOLN,                                    Case No. CVCV007801
LARRY LINCOLN, and
LINCOLN BROTHERS FARMS
Plaintiffs,

vs.
                                                              PETITION FOR DISSOCIATION;
GERALD LINCOLN                              DERIVATIVE ACTION AND
Defendant.                                          PETITION AT LAW

mediation did not reach a final conclusion on the division of this particular 160-acre parcel and that the ninety acres surveyed do not meet the parties' understanding of the agreement.

John and Larry filed an application to enforce the settlement agreement in June 2016. In that application, they offered an additional ten acres as an incentive for Gerald and Maxine to accept their surveyor's description and avoid litigation. In their motion to enforce settlement, John and Larry state, "[I]n the spirit of good faith, [John and Larry] will consent to the additional ten acres and provide one hundred acres to Gerald [and Maxine]." Gerald and Maxine resisted the motion to enforce settlement. In response to Gerald and Maxine's resistance, John and Larry revoked their offer, stating, "[I]n the prior application, [John and Larry] in good faith requested to provide one hundred acres to [Gerald and Maxine] in the spirit of compromise; [John and Larry] withdraw said offer and expressly request the Court award ninety acres pursuant to the Memorandum of Settlement."

The district court, in awarding Gerald one hundred acres in the order on the motion to enforce settlement, discussed its use of settlement negotiations as extrinsic evidence and referenced the offer of an additional ten acres by John and Larry:

> If [John and Larry] continue to desire to provide the additional ten acres that they had agreed to to suffice [Gerald] that he would be receiving slightly more acreage than the other two brothers, [the surveyor] shall move the boundary line to accommodate the award of 10 additional acres.

The court then included in its order that the additional ten acres be awarded to Gerald.[2] John and Larry filed a motion for clarification regarding the ten acres. The court confirmed its award of one hundred acres:

> Although the court recognizes that the Plaintiffs may have withdrawn their desire to concede the 10 acres to try to settle the matter before litigation, the Court includes this as part of the negotiations that were entered into with the parties at the time of the discussions with [the mediator].

John and Larry appeal, arguing there are no facts in the record which support the court's award of one hundred acres to Gerald and Maxine. Gerald and Maxine resist the appeal but contend there was no agreement as to the division of this parcel of land.

## II. Standard of Review

In a law action tried to the court, we review the district court's decision for correction of errors at law. *Wolf v. Wolf*, 690 N.W.2d 887, 892 (Iowa 2005). The district court's findings are binding when supported by substantial evidence. *Id.* "Evidence is substantial if reasonable minds would accept it as adequate to reach a conclusion." *Schlegel v. Ottumwa Courier*, 585 N.W.2d 217, 221 (Iowa 1998). "In determining whether substantial evidence exists, we view the evidence in the light most favorable to the district court's judgment." *Chrysler Fin. Co. v. Bergstrom*, 703 N.W.2d 415, 418 (Iowa 2005).

---

[2] The court later used less permissive language in ordering the division, "[T]he parties shall comply fully with all of the terms set forth therein inclusive of the instruction that the surveyor move the boundary line to include 10 additional acres in the platting awarded to . . . Gerald Lincoln."

**III. Discussion**

The settlement agreement recognized that the boundaries of the various parcels would have to be established by survey and agreement of the brothers. The map attached as the terms of the agreement as to partition includes different portions highlighted or outlined in black pen, with the words, "Land [within] green lines to go to [Gerald] . . . final boundaries to be determined by agreement and survey." The map contains several sets of numbers labeling different parcels, and the boundaries of the 160-acre parcel are not clear.

John and Larry maintain the parties agreed ninety acres would go to Gerald and Maxine; they claim the map used to divide up the property references ninety acres three times. The offer of an additional ten acres was made separately from the settlement agreement, in John and Larry's motion to enforce settlement.[3]

There is no evidence to suggest John and Larry believed the agreement reached during mediation was for one hundred acres of this parcel, and Gerald and Maxine argue the settlement did not resolve the number of acres each party would receive and the boundaries for each parcel. They argue:

> The essential understanding of the parties at mediation was that the real estate was to be divided between John, [Gerald] and Larry Lincoln in parcels that were more or less equal in value. . . . [T]he focus was less on the number of acres being partitioned and more on the value of those acres.

---

[3] A motion to enforce settlement, by nature, relies on the settlement agreement. The court's settlement enforcement order should enforce the terms within the settlement agreement, not later offers made but not accepted or included in the agreement. General principles of contract law apply to the interpretation of settlement agreements. *Estate of Cox v. Dunakey & Klatt, P.C.*, 893 N.W.2d 295, 302 (Iowa 2017). Generally, contracts are interpreted by the language in the document. When contracts are ambiguous, courts interpret the meanings attached by the parties at the time the contract was made. *DuTrac Cmty. Credit Union v. Radiology Grp. Real Estate, L.C.*, 891 N.W.2d 210, 216 (Iowa 2017).

Gerald and Maxine argue they were to receive a portion of the 160-acre parcel that was worth a certain value but that a number of acres could not be decided on until the land was surveyed.

Testimony at the hearing on the motion for enforcement does not support the court's award of one hundred acres. Nor does it support agreement among the parties. Gary, Larry's son who participated in mediation, and John testified they understood Gerald and Maxine were to receive ninety acres of the 160-acre parcel at mediation but that the final boundaries were to be determined. Marvin, a brother of the parties, testified that John and Larry had proposed a division of ninety acres, but that the number of acres was not agreed upon because the parties were negotiating by values, not acres. Gerald testified he proposed a division of 130 acres and John and Larry offered ninety acres but no agreement was reached and the mediator told him to settle the division of the 160 acres between themselves post mediation.

The mediator submitted an affidavit as part of the evidence in the hearing, stating, "The parties reached an agreement in principal but final agreement was not reached with respect to one material term concerning the amount and location of land to be awarded to Gerald Lincoln."

The trial court found the settlement conference produced an agreement on all points except for the "actual platting of the property division by survey." Neither the parties, the mediator, nor the agreement itself supports the district court's finding that the parties agreed to grant one hundred acres of a 160-acre parcel to Gerald and Maxine.

Because the district court's award of one hundred acres to Gerald and Maxine is not supported by substantial evidence, we affirm the district court's order granting the motion to enforce settlement with the exception of the 160-acre parcel, reverse the district court's order granting the motion to enforce as to the division of the 160-acre parcel, and remand for further proceedings in the underlying civil action.

**REVERSED AND REMANDED.**